IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELIA QUEZADA,<br><br>        Plaintiff,<br><br>    v.<br><br>BARRY BOGLE, D.D.S.,<br><br>        Defendant | 1: 07 - CV - 01260  AWI SMS<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Document # 7) |

    This case comes before the Court on Defendant's motion to dismiss and/or for judgment on the pleadings.  For the reasons that follow, the motion to dismiss will be granted.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

    On June 15, 2007, Plaintiff Evilia Quezada proceeding pro se filed a "Claim and Order to Go to Small Claims Court" in the Superior Court of California, County of Fresno, seeking relief from her dentist at the United Health Centers of the San Joaquin Valley, Barry Bogle, D.D.S. ("Bogle").  The only known allegation, handwritten on the Small Claims form filed by Plaintiff, is that Defendant owes $5,000 "[f]or dental work done poorly."

---

[1] The Court finds the motion for judgment on the pleadings moot due to the dismissal of Plaintiff's claim.

On August 30, 2007, the United States removed the case from the Fresno Superior Court to this Court, pursuant to 28 U.S.C. §§ 1441, 1442 and 2679(d), because Bogle was certified to be a federal employee "acting within the scope of his federal employment at the time of the alleged conduct giving rise to this claim," bringing him under the protection of the Federal Tort Claims Act (FTCA).  The United Health Centers is a federally-funded healthcare facility, a grantee of the United States Department of Health & Human Services, and is therefore covered under the FTCA by operation of the Federally Supported Health Centers Assistance Act.  See 42 § U.S.C. 233(g) - (n).  Accordingly, the United States also noticed the Court that the United States was the proper defendant in this tort matter, pursuant to 42 U.S.C. § 233.

On October 1, 2007, the United States filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and/or for a judgment on the pleadings under Rule 12(c).  Defendant argues that Plaintiff's single tort claim should be dismissed because it failed to satisfy the procedural requirements of the Federal Tort Claims Act – chiefly, the requirement to exhaust all administrative remedies prior to filing suit.  The motion was unopposed.

## LEGAL STANDARD

Rule 12(b)(1) allows for a motion to dismiss based on a lack of subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006).  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250.  The complaint must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to

its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Tosco Corp. v. Communities For A Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; see also Meyer, 373 F.3d at 1039. When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; Savage, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Meyer, 373 F.3d at 1039; White, 227 F.3d at 1242.

## DISCUSSION

In this case, Defendant's motion is based on the argument that Plaintiff failed to exhaust required administrative remedies prior to filing suit and is accompanied by a sworn declaration offered as supporting evidence. Hence, the motion amounts to a factual attack on jurisdiction. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The court may therefore look beyond the allegations of the complaint to decide a factual attack on jurisdiction. See Safe Air, 373 F.3d at 1039; see also Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed

3

issues of fact." Wyatt, 315 F.3d at 1119-20.

### A.     Substitution of the United States as Defendant

The United States' chief argument, that Plaintiff failed to exhaust administrative remedies required by the FTCA, relies on the claim that the United States should be substituted as defendant in place of Bogle so that the FTCA does in fact apply.  The relevant statute states that the FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2679(b)(1).  In addition:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States District court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  Title 42 U.S.C. § 233(a) further provides that the FTCA is the exclusive remedy against the United States for personal injury arising from actions by members of the Public Health Service, thereby extending the FTCA's coverage to employees of designated federally supported medical clinics.

In this case, United States Attorney David T. Shelledy certified that Bogle was "acting within the scope of his employment at United Health Centers . . . at the time of the alleged incidents giving rise to plaintiff's claim," and that "United Health Centers is a federally-funded healthcare facility. . . ."  Plaintiff has not presented any evidence to the contrary.  Therefore, pursuant to 28 U.S.C. § 2679(d), the United States was properly substituted for the individual defendant.

### B.     Subject Matter Jurisdiction

The Federal Tort Claims Act bars claimants from seeking damages against the United

4

States in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Jerves v. United States, 966 F.2d 517, 518-19 (9th Cir.1992).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and must be strictly adhered to. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

In McNeil, 508 U.S. 106, the Supreme Court reviewed whether an action could continue when the plaintiff had not exhausted his administrative claims prior to filing an action in the district court but had exhausted before any substantial progress had occurred in the litigation. McNeil, 508 U.S. at 107. The plaintiff in McNeil filed his administrative claim four months after lodging his complaint in the district court. Id. The United States in turn filed a motion to dismiss the complaint after the administrative claims were denied. Id. at 107-08. The Court held that the district court had correctly dismissed the complaint because the plaintiff had violated 28 U.S.C. § 2675(a) by commencing an action in the district court before his administrative claim was denied, reasoning that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. at 111-113.

In Sameena Inc. v. U.S. Air Force, 147 F.3d 1148 (9th Cir. 1998), the Court of Appeals for the Ninth Circuit also upheld a district court's decision to dismiss common law tort claims against individual defendants on the ground that appellants had failed to comply with the FTCA by not presenting their tort claims to the appropriate federal agency before raising them in court. Finding no evidence in the record that appellants filed their tort claims with the Air Force, the Court agreed that the district court lacked subject matter jurisdiction over the claims.

Because the requirement of presenting a claim to the appropriate agency before commencing an action in district court is jurisdictional, and because the FTCA waives sovereign immunity, it "must be strictly construed in favor of the United States." Brady, 211 F.3d at 502 (quoting Jerves, 966 F.2d at 52).  The plain language of 28 U.S.C. § 2675(a) requires "the claimant" to "first present the claim to the appropriate Federal agency." Cadwalder v. United States, 45 F.3d 297, 301 (9th Cir. 1995).  There are simply no exceptions to the explicit exhaustion prerequisites to filing a suit against the United States.  Jerves, 966 F.2d at 521.

Here, Defendant has provided a sworn declaration stating that Plaintiff has not "filed any administrative tort claims pursuant to the [FTCA] against United Health Centers."  Plaintiff has offered no evidence to the contrary.  Indeed, Plaintiff has not filed an opposition to Defendant's motion and thus made no attempt to establish whether this Court has subject matter jurisdiction over the claim.  Accordingly, the Court has no choice but to find that it lacks jurisdiction over Plaintiff's claim against the United States.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Defendant's motion to dismiss is GRANTED; and
2. Plaintiff's claim is DISMISSED WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   November 7, 2007                    /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE